# TEXAS COURT OF APPEALS REPORTS.

## AUSTIN TERM, 1891.

---

### SAM HAMMONS v. THE STATE.

*No. 7215. Decided April 18.*

1. **Burglary—Indictment—Intent.**—To constitute the offense of burglary, the entry into the house must be with the intent to commit felony, or the crime of theft. Such intent is an essential element of burglary, and must be averred expressly in the indictment. See the opinion for an indictment which does not allege a burglarious intent.

2. **Same—Proof of Intent.**—To warrant a conviction of burglary the burglarious intent at the time of the entry must not only be alleged in the indictment, but must be proved as alleged. Such intent must be proved like any other substantive fact, not indeed by express and positive testimony, but by the best evidence of which the case is susceptible. See the opinion for evidence held insufficient to prove a burglarious intent.

3. **Indictment—Surplusage.**—Allegations in an indictment not essential to constitute the offense, and which may be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are to be treated as surplusage, and may be entirely disregarded, unless such allegations are descriptive of the offense, in which case they can not be disregarded, but must be proved. If, eliminating surplusage, the constituent elements of the offense are so averred as to apprise the defendant of the charge against him, and enable him to plead the judgment in bar of another prosecution for the same offense, it is good in substance under the code of this State. See the opinion for allegations held to be surplusage.

4. **Same—Certainty—Particular Intent.**—An indictment must state the offense with such certainty as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense. Everything should be stated which it is necessary to prove, but that which it is not necessary to prove need not be stated. Where a particular intent is a material fact in the description of an offense, it must be stated in the indictment.

5. **Burglary—Assault with Intent to Murder.**—An indictment which seeks to charge the offense of burglary, but is fatally defective for that offense, may nevertheless be a good indictment for the alleged intended felony or theft. See the opinion for an illustration of this proposition.

APPEAL from the District Court of Haskell. Tried below before Hon. J. V. Cockrell.

Conviction for burglary. Punishment assessed, two years confinement in the penitentiary.

The opinion states the case.

*Ed. J. Hamner* and *H. G. McConnell*, for appellant, submitted the following proposition and authorities:

[445]

"The intent with which the entry is made is of the essence of the offense, and is a fact which must be expressly alleged in the indictment." Allen v. The State, 18 Texas Ct. App., 122; Black v. The State, 18 Texas Ct. App., 124; Reeves v. The State, 7 Texas Ct. App., 276; Morris v. The State, 13 Texas Ct. App., 65; Collins v. The State, 20 Texas Ct. App., 201; Penal Code, arts. 704–705; Code Crim. Proc., art. 423.

*R. H. Harrison,* Assistant Attorney-General, for the State, confessed error, in that the indictment is insufficient for the offense of burglary, because it does not expressly allege a burglarious intent, citing the same authorities cited by counsel for appellant, and also citing Jones v. The State, 25 Texas Court of Appeals, 621.

DAVIDSON, JUDGE.—Appellant was tried for and convicted of the offense of burglary.

After setting out the formal parts, the indictment charges that the appellant "on or about the 20th of March, one thousand eight hundred and eighty-eight, in the county of Haskell and State of Texas, did then and there unlawfully, at night, in the county and State aforesaid, by force, threats, and fraud, break and enter a house there situate and occupied by R. A. Anderson, and did, with malice aforethought, make an assault upon said R. A. Anderson and said house, with the intent then and there to murder the said R. A. Anderson, against the peace and dignity of the State."

Appellant moved in arrest of judgment, and one of the grounds of said motion is based upon the failure of the indictment to allege the intent of the appellant at the time he "broke and entered the house."

"The offense of burglary is constituted by entering a house by force, threats, or fraud, at night, or in like manner by entering a house during the day and remaining concealed therein until night, and with the intent in either case of committing felony, or the crime of theft." Penal Code, art. 704. "He is also guilty of burglary who, with intent to commit a felony or theft, by breaking enters a house in the day time." Penal Code, art. 705.

It will be seen that in both of the above quoted statutes the entry must be for the purpose and *with the intent* of committing a felony, or the crime of theft. The *intent,* therefore, is an essential element of this offense.

The indictment charges a breaking and entry, but fails to charge the intent of the defendant in such breaking and entry. After charging the entry, the indictment further charges the offense of assault with intent to murder in all of its constituent elements.

At common law this character of pleading was permitted. This was also permitted in some of the States, while in other States it was not. Black v. The State, 18 Texas Ct. App., 124; Reeves v. The State, 7

Texas Ct. App., 276, and cited authorities. In this State the rule is that the facts constituting the offense must be "stated with such certainty as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense." Code Crim. Proc., art. 422. Our Code of Criminal Procedure further provides that "everything should be stated in an indictment which it is necessary to prove, but that which it is not necessary to prove need not be stated." Art. 421. We have the further express statutory provision that "where a particular intent is a material fact in the description of the offense it must be stated in the indictment." Code Crim. Proc., art. 423.

It will be seen by reference to the definition of the offense of burglary that the intent is the gist of the offense. It is one of the essential elements of the crime. Without it there can be no violation of the statute. It must be proved in order to sustain the conviction had under the statute. Without the intent to commit the felony or theft, the breaking and entry would not constitute the offense of burglary. The *intent* is as essential to the conviction as is the breaking or the entry. "The intent with which the burglarious entry must be accompanied is of the essence of the offense, and it is a fact which should be expressly alleged in the indictment, because it is a fact which is essential to be proved by the State." Black v. The State, 18 Texas Ct. App., 124.

"Evidence that a felony was actually committed is evidence that the house was broken and entered with intent to commit that offense," was the rule at common law. With us, however, "the intent, in burglary, is of the essence of the offense, and must be proved like any other substantive fact; not, indeed, by express and positive testimony, but by the best evidence of which the case is susceptible." Black v. The State, 18 Texas Ct. App., 124. And this intent must be averred. Code Crim. Proc., arts. 421–423; Penal Code, arts. 704, 705.

We must look alone to our statutory provisions when they speak upon the subject matter of our inquiries with reference to pleadings in criminal cases or prosecutions.

That a breaking and entry of a house may and could occur without a violation of our statute against burglary needs no argument to prove or demonstrate. It might easily be suggested that many breakings and entries into houses could and do occur in which no intent to commit either a felony or the crime of theft ever entered the mind of the party making the entry. No one would ever for a moment suppose that when an ardent and impetuous lover raised the window and carried away from under her father's roof the girl who had promised him her heart and hand, that he was guilty of the crime of burglary; yet the breaking and entry would be complete. This would constitute neither a felony nor the crime of theft.

The indictment does not charge the offense of burglary, and this was the crime for which appellant was convicted. Upon this phase of the case the Assistant Attorney-General confesses error, and in this he is unquestionably correct.

However, the indictment alleges and charges the offense of assault with intent to murder, after charging the breaking and entry, in all its constituent elements under the statute. Willson's Crim. Forms, 357; Willson's Crim. Stats., secs. 852, 853.

It is well settled that if, eliminating surplusage, the constituent elements of the offense are so averred as to apprise the defendant of the charge against him, and to enable him to plead the judgment in bar of another prosecution for the same offense, it is good in substance under our code. Willson's Crim. Stats., sec. 1960; Mayo v. The State, 7 Texas Ct. App., 342. If the allegations in the indictment with reference to the breaking and entry of the house are descriptive of the identity of the offense of assault with intent to murder as charged, then the same can not be rejected as surplusage, and upon the trial must be proved as alleged, otherwise there would be a variance between the allegations and proof. But this would hardly be contended for under the allegations of the indictment in this case, and the averments attempting to charge burglary can and should be treated as surplusage. Mayo v. The State, 7 Texas Ct. App., 342; McConnell v. The State, 22 Texas Ct. App., 354; Willson's Crim. Stats., sec. 1960, and authorities there collated. "Allegations not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are treated as mere surplusage, and may be entirely disregarded." Mayo v. The State, 7 Texas Ct. App., 342; U. S. v. Howard, 3 Sumn., 12. And where matter is set forth in an indictment that is not necessary to a description of the offense, it may be rejected as surplusage. All that portion of the indictment with reference to the breaking and entry of the house may be rejected as surplusage, and still the indictment would be a good and valid one for the offense of assault with intent to murder.

But suppose we are wrong in this view, and the said allegations can not be treated as surplusage, then said averments would be treated only as aggravating attendant circumstances of the alleged assault, and the pleader would be required to prove same as laid. In either event the indictment would be a valid one for the offense of assault to murder.

We therefore hold that the indictment does not charge the offense of burglary, but that it does sufficiently aver and set out the offense of assault with intent to murder. Appellant was not tried for this offense, but was tried for burglary.

As the indictment is a valid one for the offense of assault with intent to murder, the judgment will be reversed and the cause remanded for

a trial for this offense, if it be thought proper to do so, or so that another indictment may be presented for burglary, if deemed necessary.

It is contended, however, that the facts do not constitute the offense of burglary, or assault with intent to murder.   The testimony is, in brief, that the appellant and two others went to Anderson's drugstore on the night in question and fired twelve or thirteen shots from a Winchester gun and two pistols into various parts of said house.  It is shown that some of the shots were fired into the roof, some into the walls of the house, and that two of the shots penetrated the bed in the northeast corner of the house. Appellant's feelings were not of an amiable nature toward Anderson on the occasion in question.   "He was mad, but not mad enough to kill," as one witness expressed himself about appellant's mental condition.  Appellant declared his intention, before going to the house, to be to scare Anderson out of town.   Anderson was not in the house at the time.   He was off on a professional tour in a different portion of the town, visiting a sick lady who needed his constant attention. He sat up with his patient every night, and this fact was known throughout the small town where the trouble occurred.   Appellant and one of his co-defendants made an examination of the drugstore and ascertained the fact that Anderson was absent, and then "stepped back thirty or forty feet," and in conjunction with his co-defendant (Bates) fired about thirteen shots into the house, and then ran off.   This testimony negatives the idea of an assault to murder the said Anderson, by reason of said shooting, on the part of appellant and his co-defendants.

As presented by the record the facts are insufficient to sustain a conviction for burglary, or for assault with intent to murder.   The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.