### MOSE DALE v. THE STATE.

#### No. 127.   Decided April 22.

1. **Theft of a Yearling—Charge of the Court as to what Constitutes.**—On a trial for theft of a yearling, a charge of the court which, in effect, instructed the jury, that one falsely claiming to own a certain yearling on the range, which he points out and sells to another, who in good faith appropriates it, is as guilty of theft as if he had first taken possession of it and sold it, *held*, to correctly state the law.

2. **Same—Evidence Sufficient.**—See evidence held sufficient to support a conviction for theft of a yearling.

APPEAL from the District Court of Williamson. Tried below before Hon. F. G. MORRIS.

Appellant was indicted for the theft of one head of cattle, the property of James Beal. At the trial he was convicted, with the punishment assessed at two years in the penitentiary.

James Beal testified, substantially, that in May, 1892, he and his mother owned two yearlings, of which he had the exclusive care, management, and control. The animal in question was a white and red spotted yearling, branded D8 on the left hip, and marked with a crop and underbit in the right and swallowfork and hack in the left ear. By some means or another, it had gotten into the pasture of one Gauzeats. Defendant wished to get these yearlings to trade to a Mr. Daly for a pony. Beal told him that if he could use them in the trade, it was all right with him. In a few days defendant told him that Daly declined to make the trade, and Beal told him that their trade about the yearlings was off then. In a few days after, defendant came and wanted to buy the yearlings, and witness declined to sell them, and nothing more passed between the parties further about the animals until after they were stolen. He afterwards heard from Gauzeats that two boys had taken the animals from his pasture, and that defendant had sold them to one Hall, a butcher.

Hall testified, he had bought the animals from defendant, who described them by their color, mark, and brand, and told him they were in Gauzeat's pasture.   He (witness) never saw the animals in the pasture.   He employed two boys, Lim Russell and Johnnie Hotten, to go to the pasture and get the yearlings and drive them up to him, which they did, and he butchered the animals in question.

Johnnie Hall testified, that he wrote the bill of sale from the defendant to his father for the yearlings, defendant giving him the description of the animals as written in the bill of sale, that is " a red and white spotted heifer branded D8 on the left hip.   He gave me the mark, but I could not make it, and he wrote the mark in the bill of sale himself, making the ears, etc., and then signed it.   This was after the animals had been gotten up by Lim Russell and Johnnie Hotten, and at the time defendant came for his money for the animals."

Several witnesses testified, that when defendant was apprised of the fact that Jim Beal claimed the animal, he denied selling the Beal yearling; but claimed to have sold one belonging to his mother, branded DL.

Defendant testified in his own behalf, and denied this latter statement. Denied that he signed the bill of sale.   He testified, that he had bought the animal from Beal, and had sold it to the butcher, Hall.   He denied that he made the mark of the yearling in the bill of sale.

Amongst other matters, the court in the fourth paragraph of the charge instructed the jury: " If a person sells cattle of another and informs the person to whom the sale is made of the place where the cattle may be found, and directs the vendee to take the possession thereof, and such person takes such cattle and appropriates it under such circumstances that it would have been theft as herein defined if the person making the sale had himself so taken the cattle in person into his own possession at the time of the transaction, the person so selling the cattle and directing as to where the possession of the same is to be obtained, would be guilty of theft of such cattle, although he may not have taken possession of said cattle in person, but only through such agency of others."

There is no bill of exceptions in the record.

*W. T. Starnes* and *Fisher & Chesser*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of the theft of a yearling, and sentenced to two years confinement in the penitentiary, from which he appeals.   There are no bills of exception in the record.   The only questions raised in the case are, first, the sufficiency of the evidence; second, the charge of the court, to the effect that one falsely claiming to own a certain yearling on the range, which he points out and sells to an-

other, who in good faith appropriates it, is as guilty of theft as if he had first taken possession of it and sold it. As to the first ground, the evidence clearly supports the verdict. As to the charge complained of, it is the law. Doss' case, 21 Texas Cr. App., 505; Williams v. The State, 24 Texas Cr. App., 17; Minter v. The State, 26 Texas Cr. App., 217; Harris v. The State, 29 Texas Cr. App., 101. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.