SAM KIRK v. THE STATE.

No. 4202. Decided June 9, 1909.

**1.—Carrying Pistol—Charge of Court.**

Where upon trial for unlawfully carrying a pistol the question as to who carried the pistol having been properly submitted in the court's main charge, there was no error in refusing a special instruction on the same subject.

**2.—Same—Evidence—Confession.**

Upon trial for unlawfully carrying a pistol there was no error in admitting in evidence the confessions, of the defendant made while not under duress, to the effect that he carried the pistol and that it was his.

**3.—Same—Venue.**

Where upon trial for unlawfully carrying a pistol the proof was that the defendant was seen with the pistol about his person in an adjoining county, and that he carried the same into the county of the prosecution, the venue was made out.

Appeal from the County Court of Falls. Tried below before the Hon. W. E. Hunnicutt.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for carrying a pistol, his punishment being assessed at a fine of $100.

When first seen with a pistol it was at a party in Limestone County. He went from the party, spent the night at the residence of Hewett, had the pistol there, and took it away the next morning. Such is the testimony of the witness Hewett. There is further evidence introduced to the effect that appellant offered to plead guilty in a conversation had with the sheriff if the sheriff would give him a chance to pay his fine. In this same conversation appellant said he would put Hewett in for carrying his, appellant's, pistol to a neighbor's house, when he, Hewett, went to see about some chickens. Appellant denied having the pistol, said it was Hewett who had the pistol, and introduced evidence corroborative of his statement. These were issues of fact, and were solved adversely to appellant by the jury.

Appellant asked the court to charge the jury, if they believed from the evidence that the pistol in controversy was the property of Simon Hewett, they would acquit. This was refused. The court, however, gave the following requested instruction: "If you have a reasonable doubt as to who carried the pistol to or from Simon Hewett's house, if you believe it was carried there by any one, you will acquit the defendant." We think this charge, taken in connection with the general

charge, sufficiently presented the matter, and there was no error in refusing the requested instruction.

Appellant reserved a bill of exceptions to the introduction of the testimony of Sheriff Pool. This was as follows: "I met Sam Kirk near Peacock's saloon in the city of Marlin, at the last term of this court, and he came to me and said if I would give him a chance to pay his fine he would plead guilty to this case, and then put Simon Hewett in for carrying his, Sam Kirk's pistol, over to a neighbor's house that Sunday to see about those chickens.

"Sam Kirk, the defendant, said: 'If you will give me a chance to pay my fine I want to plead guilty to my case, and then put Simon Hewett in for carrying my pistol to a neighbor's house, where he, Simon Hewett, went to see about some chickens.' I was not trying to persuade the defendant to plead guilty, and I never have advised him to plead guilty, nor threatened him, nor persuaded him in any manner whatever to plead guilty. At the time defendant made the statement above detailed he was not under duress or restraint of any kind. He had been arrested sometime before that, but had given bond, and was out under bond. He just came to me and asked me about his case, as to when it would be called for trial, and as to when he would have to come to court. I didn't tell him that it would be better for him to plead guilty, nor did I tell him that it would be the best thing for him to do, nor cheaper for him, nor anything like that at all." To the introduction of this testimony appellant urged exceptions, upon the ground that the witness was sheriff of Falls County at the time, and the testimony, if true, was a statement made by defendant conditioned upon the granting of time in which to pay the fine, and was in the nature of a proposition of compromise by defendant, and was not binding upon the defendant, and was no evidence of guilt, but was a circumstance that, if detailed to the jury, would prejudice their minds against appellant's rights in the case; and was in the nature of an argument before the jury by the witness that the defendant was guilty of the offense for which he was being tried. These objections being overruled, the witness testified as stated. We are of opinion this testimony was admissible, and that none of the grounds urged were sufficient to exclude it. There is a clear admission that it was his pistol, and that he had it. This officer had no right to compromise with him about the manner of paying the fine.

Another bill recites that Hewett was permitted to testify, over objection of appellant, as follows: "I know the defendant, Sam Kirk. I saw him at a dance on or about the 18th day of October, 1908, at the home of Sam Jackson, who lived over in Limestone County. Sam Kirk was at the dance quite a while. He was just looking around there. I saw what I took to be a pistol under the waistband of Sam Kirk's pants while he was at the dance. I was sure it was a pistol. While I did not see the naked pistol itself, I am satisfied what I saw was a pistol." This testimony was objected to by appellant on the ground

that the court trying this case had no jurisdiction of what occurred in Limestone County, and that the testimony would tend to prejudice the minds of the jury against appellant in passing upon the charge for having carried a pistol in Falls County, where he was being tried; that it was irrelevant, immaterial and prejudicial to the rights of appellant. We think there was no error in admitting· this testimony. The appellant went from this party over into Falls County with the witness Hewett, and spent the night at Hewett's residence; he had the pistol at Hewett's residence, and carried it away from there with him the following morning, under the State's testimony. Appellant received the minimum punishment. There was no such error in this respect as would require a reversal.

The judgment is affirmed. .

*Affirmed.*