### JOE LOZANO v. THE STATE.

#### No. 5079.  Decided June 19, 1918.

**1.—Assault to Murder—Bill of Exceptions—Statement of Facts.**

In the absence of a statement of facts or bill of exceptions informing this court to the contrary, the presumption is indulged in favor of the correctness of the court's ruling in rejecting testimony as to a former difficulty between defendant and another.

**2.—Same—Suspended Sentence.**

Where appellant's reference in his brief for a suspended sentence is not borne out by the record, or its applicability apparent therefrom, the same can not be considered on appeal.

Appeal from the District Court of Bexar. Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Sid Overton,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant under indictment for assault with intent to murder, stands convicted with punishment assessed at confinement in the State penitentiary for a period of two years.

The record comes without statement of facts. There is one bill of exceptions, the substantial part of which we copy: "Be it remembered that upon trial of the above numbered and entitled cause the State's witness Paul Hensen, being upon the stand, the witness was permitted, over objection of defendant, to testify the following facts, towit: That about three years prior to the date of this trial, in a difficulty between witness Paul Hensen and defendant, defendant, Joe Lozano, stabbed said witness in the back with a knife; and defendant at the time it was offered objected to said testimony for the reason following, towit: be-

cause said testimony was irrelevant, immaterial and was calculated to, and did prejudice the minds of the jury against the defendant; further, that the same was calculated and did place the defendant's reputation and character in issue before the jury when the same had not been placed in issue by the defendant himself."

We are not able to pass upon the merits of the contention suggested by the bill for the reason that the absence of statement of facts deprives us of the information from which we would be able to determine the admissibility of the testimony complained of. There are contingencies upon which such testimony would be admissible. For instance, the assault upon which the conviction is founded may have been directly related to the previous assault referred to in the bill. The suggestion therein that it bears upon the character of appellant, if correct, is not available for the reason that the court is not able to determine that there was not evidence in the case which made it admissible for the State to introduce evidence upon the character nor that this particular fact was not one relevant to some phase of the evidence making it legitimate testimony. In the absence of a statement of facts or bill of exceptions informing the court to the contrary, the presumption is indulged in favor of the correctness of the court's ruling. Branch's Ann. P. C., p. 132.

Appellant in his brief makes some reference to an application for a suspended sentence. Its applicability to the record is not apparent for the reason that we fail to find any reference to it in the record certified. The procedure on the subject is set out in art. 865c, C. C. P. See Vernon's Crim. Stats., vol. 2, p. 859.

Finding no error in the record the judgment is affirmed.

*Affirmed.*