V. V. HOUSTON v. THE STATE.

No. 8496.   Decided June 11, 1924.

Rehearing denied November 5, 1924.

1.—Theft over $50 in Value—Principals—Who are—Agency.

Our statute on principals makes one a principal who causes an innocent agent to commit a crime. See Branch's Ann. P. C. sec. 683 and cases cited. Cases applying the doctrine to one who sells the property of another who later removes the property so sold from the possession of the owner, are numerous and harmonious. See opinion for collation of authorities.

**2.—Same—Indictment—Describing Property—Sufficiency of.**

An indictment charging the theft of one bale of cotton of a certain value, sufficiently describes the property, Art. 458 Vernon's C. C. P.; and it is not necessary to allege the weight of the bale of cotton.

**3.—Same—Indictment—Allegation of Possession—Sufficiency of.**

Where property is in the care, control, and management of a partnership, it is sufficient to allege the possession in one member of the partnership. Art. 457, Vernon's C. C. P., and authorities cited.

**4.—Same—Evidence—Statements of Accused—Admissibility of.**

The testimony disclosed that appellant sold a cotton ticket for a bale of cotton to one Mr. Brown, who caused said cotton to be removed from the yard of the owner. It was not error for the state to prove that appellant told the witness Windham that he had taken said ticket from the office.

**5.—Same—Suspended Sentence—No Plea for—Cannot be Granted.**

After the jury retired they sent in a written request to the trial court to know if they might give appellant a suspended sentence, to which he replied in the negative. This was proper. Unless a plea for a suspended sentence was filed the jury could not grant one.

ON MOTION FOR REHEARING.

**6.—Same—Indictment—Value of Property—Allegata and Probata.**

Where the value of property as alleged in the indictment was, $131.41 and the proof showed the value to be $118.00 this would not be a variance under our statutes. An allegation as to value is not held to be descriptive, further than it affects the question as to whether the offense be a felony or a misdemeanor. Following Davis v. State, 40 Tex. 135; Hart v. State 14 Tex, Crim. App., 660. If the proof showed that the value of the property taken was more than $50.00 this is all that is necessary.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. L. D. Guinn, Judge.

Appeal from a conviction of theft of property over $50 in value; penalty two years in the penitentiary.

The opinion states the case.

*V. E. Middlebrook,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Nacogdoches County of theft, and his punishment fixed at two years in the penitentiary.

A bale of cotton weighing 610 pounds and of the value of more than fifty dollars was in the cotton yard of Windham, et al. A sample of same and the ticket containing the number, weight and own-

er's name were in the office. Appellant was about the premises and one of the. proprietors suggested to a witness to} watch appellant. This witness testified that he saw appellant take a certain sample, put it under his coat and walk out. The next day appellant went to witness Brown and by means of his possession of the ticket and sample, sold Brown the bale of cotton called for by the ticket for $118.45. Brown gave appellant a check for that amount in payment for the cotton and had same removed from the cotton yard, and shipped away. Thrash, the real owner of the bale of cotton, discovered its loss and the matter was traced to appellant. He at first denied having sold the cotton, but when confronted by Brown and the check given, he could no longer deny it but made arrangements to reimburse the loss.

Our statute on principals, Art. 77, P. C., makes one a principal who causes an innocent agent to commit a crime; and many authorities are cited by Mr. Branch in Section 683 of his Annotated P. C. in support of this proposition. Cases applying the doctrine to one who sells the property of another who later removes the property so sold from the possession of the owner, are numerous and harmonious. Farris v. State, 55 Texas Crim. Rep., 481; Walls v. State, 43 Texas Crim. Rep., 70; Lane v. State, 41 Texas Crim. Rep., 559; Sikes v. State, 28 S. W. Rep., 688; Dale v. State, 32 Texas Crim. Rep., 78; Doss v. State, 21 Texas Crim. App., 509; Madison v. State, 16 Texas Crim. App., 442. The facts in the instant case seem to fully support the proposition that by appellant's sale of the cotton to Brown the latter was caused to remove and appropriate to his own use the bale of cotton involved, and this meets the requirements of the law as announced in the cases cited and makes appellant the taker of said cotton. It follows that we do not agree with appellant's contention that the proof makes a case different from that set out in the indictment.

An indictment charging theft of one bale of cotton of a certain value and alleging the ownership thereof, is not open to the objection that it does not sufficiently describe the property taken. Article 458, Vernon's C. C. P., and authorities collated.

The property being in the care, control and management of a partnership composed of Windham and others, it was sufficient to allege ownership in Windham. Article 457, Vernon's C. C. P., and authorities. Possession and taking of the cotton ticket being a necessary part of the development of the transaction by which Mr. Brown was induced by appellant to remove the cotton from the yard, it was not error for the State to prove by Windham that appellant told him that he, appellant, took said ticket from the office.

We have carefully examined the various special charges requested by appellant and think them not called for by the facts, or else to be so

little at variance with the law as stated in the main charge of the court, as that their refusal was not error. Nor do we find any of the parts of the court's charge as given, open to the exceptions set out in several bills of exception by appellant. Nor are we able to agree with appellant in his complaint of the court giving the jury forms· for their verdict in case of acquittal or conviction.

After the jury retired they sent in a written request to the learned trial court to know if they might give appellant a suspended sentence to which he replied in writing in the negative. This was proper. No plea for suspended sentence was filed and no evidence introduced on the issues made available under such application. Speer v. State, 171 S. W. Rep., 201; Muldrew v. State, 73 Texas Crim. Rep., 463; Lozano v. State, 83 Texas Crim. Rep., 597.

Finding no error in the record, an affirmance will be ordered.

*Affirmed.*

### ON REHEARING.

LATTIMORE, JUDGE.—In an original and supplemental motion for rehearing appellant, through his distinguished counsel, renews substantially the same propositions presented when the case was first before us. We may not have made ourselves clear in our former opinion.

The charge in the indictment was theft of a bale of cotton of the value of $131.41. There is no allegation of the weight of the cotton and insistence that a variance in proof on this point existed is plainly in error. The undisputed testimony showed that on the 6th of October the bale of cotton in question was weighed by Mullins & Windham Bros., a firm of public weighers, the cotton belonging to J. B. Thrash. A sample of the cotton and a ticket showing its certified weight to be 610 pounds and the number of the bale to be 8654, were placed in the office of said firm and the bale of cotton was placed in their yard. On the 7th of said month it is shown by the testimony that the appellant took from said office the ticket and sample mentioned and that he went to one Brown and by reason of his possession of the ticket and sample, and apparently upon Brown's belief that he was Thrash, the owner of the cotton, he sold to Brown said bale of cotton for $118. That same day or the next day Brown ordered said bale of cotton sent to the compress, and this was done but whether by Brown's conveyance or some other means furnished by Brown or the ginners, is not made clear from the record, nor do we think it material. At all events the cotton was appropriated by Brown believing that he had purchased it from Thrash, the owner. Subsequently Mr. Thrash went to the ginners and got a ticket for said cotton which he sold for $131.41, cotton having ad-

vanced in price. Appellant insists that his client only took the ticket and sample from the possession of the owner, Windham, and that the proof goes no further than this, and that, therefore, there was such variance between the allegation in the indictment and the proof as would forbid legal conviction.

As we view the case it might be conceded that appellant did take the ticket and sample but,—he used them to induce an innocent agent or agents to remove the bale of cotton from the care, control and management of Windham, the temporary owner, and the prosecutor having seen fit to charge him with the taking of the bale of cotton and not with taking the ticket and sample,—and the proof appearing to make out a case of taking the bale of cotton as well as the ticket and sample, we are not able to see our way clear to hold that the proof and the charge in the indictment are at variance. In our original opinion we cited a section of Mr. Branch's Annotated P. C., and some of the authorities mentioned therein in support of our contention that the appellant having employed an innocent agent to take into his possession and remove from the care, custody and control of the owner, the property in question, was a principal offender under the terms of Article 77 of our Penal Code. Appellant now insists that the cases cited do not support the proposition and have no application to this case. We have again examined the authorities. In Doss v. State, 21 Texas Crim. App., 511, appears the following statement:

"In the case under consideration, defendant did not take the animal himself, but, by selling it to Hardy, upon the pretense that it was his, he did procure Hardy, who was entirely innocent, and who believed defendant was the owner, to buy and take possession of the animal. This was certainly causing another to be deprived of his property by indirect means, and under circumstances which, in contemplation of the statute, would make him a principal in the theft.

"Mr. Bishop says: 'One plain proposition is, that there can be no crime without principal. There may be more principals than one, but there must be at least one. Therefore, a man whose sole will procures a criminal transaction, is principal, whatever physical agencies he employs, and whether he is present or absent when the thing is done.' (1 Bish. Crim. Law, 7 Ed., Sec. 649.) Again he says: 'And because there must always be a principal, one is such who does the criminal thing through an innocent agent, though personally absent.' "

Sikes v. State, 28 S. W. Rep., 688, is a case in which Sikes wrote from Houston in Harris County, Texas, to a railroad agent at Round Rock in Williamson County, Texas, asking that he ship to Sikes at Houston two turbine wheels which were on the railroad right-of-way in Round Rock. This was done. In the meantime Sikes had sold one of the wheels to another party. The wheels belonged

to Beveridge. On the trial of Sikes in Williamson County for theft of the wheels he urged that he at no time had actual possession of the wheels; that he was not at any time in Williamson County when and where they were taken. This court, Judge Hurt speaking, said: at the request of appellant. He acted for him, and his possession was the possession of appellant. The agent was innocent of any guilty participation in the taking. The appellant was therefore properly indicted as the principal in the offense. The property was taken by Douglas, as the innocent agent of appellant, in Williamson County, and, as his acts were attributable directly to the appellant, the venue was properly laid in that county, for in law and in fact appellant took the property in that county. He who acts through another acts himself. Suppose that appellant had sent some one to Round Rock to get the wheels for him, and such person, being innocent in the transaction, had taken the wheels away. Is there any question that appellant would have been guilty as principal, or that the offense would have been committed in Williamson County? We think not."

In Lane v. State, 41 Texas Crim. Rep., 558, the accused by simply giving a description thereof sold a yearling to one Downing and told the latter that one Ward would point the animal out on the range. Downing went to Ward who did point out the yearling, and Downing drove it away and appropriated it. This court, speaking through Judge Davidson, said:

"Appellant sold the animal to Downing, and sent him to Ward for the purpose of having the animal pointed out. It was pointed out by Ward, and by Downing carried away. This animal was the property of Gay, the alleged owner, who afterwards recovered it from Downing. There is no evidence so far as this part of the case is concerned, showing that appellant was in possession of the animal after Downing obtained the possession. * * * If he sold the animal to Downing with the fraudulent purpose of depriving Gay of its possession, and Downing actually took it, he then was guilty of the taking, because he used an innocent agent in consummating his purpose. Doss v. State, 21 Texas Crim. App., 505. This theory was also submitted to the jury."

The judgment was affirmed, this court holding the evidence sufficent to show theft. In Walls v. State, 43 Texas Crim. Rep., 70, the accused sold to one Prim in Delta County a horse, merely pointing it out to the purchaser on the range. Prim did not then take the animal into his possession but afterwards went to get it and found it in the neighboring county of Hopkins at which point he took it into his possession. Appellant was not in Hopkins County and had nothing further to do with Prim getting the animal in that county. Contending that he had nothing to do with a taking in Hopkins County and that he was not guilty of theft, the matter came be-

fore this court and in an opinion delivered by Judge Henderson, we said:

"The court also gave an instruction to the effect that if defendant, in Delta County, sold the horse to Prim, and pointed it out on the range without taking possession of the same, but authorized Prim to take possession of it, and Prim afterwards did, in Hopkins County, take and appropriate said horse by virtue of said sale by defendant, then, and in that event, the venue was sufficiently proved to be in Hopkins County. So that the proof in connection with the requested charge and the charge given by the court presents the question of venue in every phase in which it could be presented. It appears from the proof as indicated above that Prim, the party to whom the horse was sold, and who took actual possession of same in Hopkins County, did so as the innocent agent of appellant. Prim's taking therefore, constituted appellant's taking.

The jugment was affirmed, although it was admitted that Walls at no time took the horse into his possession and was not present when Prim took it into his, in Hopkins County.

As stated in the original opinion in discussing this matter, we said that our conclusion was based on our statute with regard to principals. The authorities quoted refer to this statute and to elementary writers in accord therewith.

There is also insistence that the allegation and proof fail to correspond in regard to the question of the value. It was alleged that the cotton was worth $131.41, and proven that when taken its value was $118.00. This would be no variance under our decisions. An allegation as to value is not held descriptive further than as it affects the question as to whether the offense be a felony or a misdemeanor. Davis v. State, 40 Texas, 135; Hart v. State, 14 Texas Crim. App., 660. If the proof showed beyond a reasonable doubt that the property alleged to have been taken was of the value of more than fifty dollars, this is all that is necessary. Nelson v. State, 35 Texas Crim. Rep., 205; Diaz v. State, 53 S. W. Rep., 633. The cases cited by appellant on the question of variance have been examined by us and none of them are believed to be in point.

The ticket referred to was in no sense a warehouse receipt, but if it had been, the circumstances in the case showing its use by the accused to fraudulently obtain property the theft of which was charged in the indictment, our conclusion would be the same. The fact that Brown, the purchaser from appellant, may have ordered the bale of cotton sent to the compress following his purchase, would seem to us to make no diffrenece in law in the guilt of the accused Our re-examination of the questions raised but confirms us in our former conclusion.

The motion for rehearing will be overruled.

*Overruled.*