### JOHN JOSEPH MALAZZO, JR. V. STATE

No. 29,260. November 13, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) January 8, 1958.

*Baldwin & Goodwin,* by *Joe B. Goodwin,* Beaumont, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is burglary; the punishment, two years.

The indictment alleged that appellant did unlawfully by force, threats and fraud break into and enter a house occupied and controlled by Frank D. Manchac, with intent to commit theft; and further alleged, in the same count, that appellant fraudulently took from said house and from the possession of Frank D. Manchac one television set "of a value in excess of $25," the corporeal personal property of Frank D. Manchac, without his consent, with intent to deprive him of the value thereof and to appropriate the same to the use and benefit of him, the said John Joseph Malazzo, Jr.

While not alleging burglary in the customary form, the indictment appears to be sufficient. Williams v. State, 24 Texas App. 69, 5 S.W. 838; Bigham v. State, 31 Texas Cr. Rep. 244, 20 S.W. 577; Coates v. State, 31 Texas Cr. Rep. 257, 20 S.W. 585.

The breaking and entry of the house and the fact that the television was missing was established by the witness Manchac.

A principal complaint on the appeal is that Manchac was permitted to testify, over objection, that he had seen the sales slip showing that the television cost some three hundred dollars, and that save for this hearsay testimony there was no proof to sustain the allegation that the television set was of a value in excess of $25.

Appellant cites and relies upon McClure v. State, 163 Texas

Cr. Rep. 650, 296 S.W. 2d 263, and other authorities which hold that unnecessary allegations *descriptive of the identity of the offense charged* must be proved as alleged.

The allegation that the television was of a value in excess of $25 was unnecessary. It in no way affected the punishment for either burglary or theft. It was pure surplusage, and could be disregarded as such.

When not descriptive of that which is legally essential to the validity of the indictment unnecessary words may be rejected as surplusage. Hammons v. State, 29 Texas App. 445, 16 S.W. 99.

Where the value of property alleged to have been stolen does not determine whether the offense is a felony or a misdemeanor, nor control the punishment applicable to the theft, the allegation as to its value is not descriptive of the offense and need not be proven. Davis v. State, 40 Texas 134; Hart v. State, 14 Texas App. 657; Houston v. State, 98 Texas Cr. Rep. 280, 265 S.W. 585; Johnson v. State, 126 Texas Cr. Rep. 466, 72 S.W. 2d 288; Byrd v. State, 90 Texas Cr. Rep. 418, 235 S.W. 891.

Gondron, an accomplice witness, testified that he went to the house in question in company with appellant and his wife; that they planned to steal the television which appellant said was there; that appellant's wife entered the house with him, and they removed the television set; that appellant and his wife accompanied him to Port Arthur; that after they left him he sold the television set for $100, the agreement being that appellant was to get part of the money.

The trial court permitted the state to reopen and to call the county attorney as a witness, and he testified that after appellant had made bond, he came to his office, accompanied by his wife, and there made the statement that he was involved in the burglary; that he went in the house and helped move the television, load it in the car and carry it away, but that his wife was innocent.

We find no abuse of discretion on the part of the trial judge in permitting the state to reopen and offer further testimony before the charge was read to the jury. Art. 643 V.A.C.C.P.; McClellan v. State, 118 Texas Cr. Rep. 473, 40 S.W. 2d 87.

Nor do we find error in the admission of the oral confession to the county attorney, the facts showing that the defendant was

not under arrest at the time. Kirk v. State, 56 Texas Cr. Rep. 429, 120 S.W. 436; Wilson v. State, 136 Texas Cr. Rep. 590, 126 S.W. 2d 977; Dreyer v. State, 11 Texas App. 631.

We find the evidence sufficient to sustain the conviction and find sufficient corroboration of the testimony of the accomplice witness.

The remaining ground for reversal relates to the cross-examination of appellant's wife.

After the county attorney had testified in regard to appellant having made the statement to him above mentioned, appellant called his wife as a witness, and she testified that she went with her husband to the county attorney's office, but did not hear him admit that he had been involved in the burglary though she was there all the time that he was.

The effect of the testimony of Mrs. Malazzo was to deny that her husband admitted to the county attorney that he participated in the burglary, and the trial court properly permitted her cross-examination upon that theory.

She admitted on cross-examination that they were "more or less" discussing the accomplice's statement involving her and said that her husband did not want her to be found guilty because she was then expecting her child to be born, that the accomplice had made a statement involving her and that was why appellant said she was innocent; that she was positive that appellant did not tell the county attorney in her presence that he went in the home to steal the television, or that he got any of the money.

The cross-examination was concluded with the following:

"Q. You are the wife of the Defendant? A. Yes; I am.

"Q. And I believe you stated you were present at the time of the burglary? A. Yes, sir."

No objection was offered when the quoted testimony was elicited, though appellant's counsel had previously objected repeatedly that the witness was the wife of the defendant and was being examined regarding matters about which she had not testified on direct examination.

It will be observed that the witness was not asked if she was present at the burglary, but was asked if she had so stated, and there was no objection to that question. She answered that she had so stated, and there was no effort to have such answer excluded.

That a burglary was committed by the accomplice witness Gondron and that appellant's wife was present was before the jury, and her statement that she was present at the time of the burglary injected no new incriminating evidence against her husband.

The evidence shows appellant's guilt as charged, and the minimum punishment was assessed. Under the facts, reversible error is not shown in the cross-examination of appellant's wife.

The judgment is affirmed.