IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-119-CR




PEDRO PALOMO LUCIO,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. CR-92-0369, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of habitual theft. Tex. Penal Code Ann.
§ 31.03(e)(4)(E) (West Supp. 1993). The jury assessed punishment, enhanced by two previous
felony convictions for offenses other than theft, at imprisonment for seventy years.

 In his first point of error, appellant contends there is a fatal variance between the
pleading and the proof. The indictment described the property stolen as "one (1) 12-pack of Beer
of the value of TWENTY DOLLARS ($20.00) or more but less than TWO HUNDRED
DOLLARS ($200.00)." The evidence reflects that the beer had a value under twenty dollars. 
Appellant urges that his conviction must be reversed because the State did not prove the value
alleged.

 The State argues that this is simply a case involving proof of a lesser included
offense. This is not strictly true. Despite the allegation as to the value of the stolen property,
appellant was indicted pursuant to section 31.03(e)(4)(E), which provides that a theft is a felony
of the third degree if the value of the property stolen is less than $750 (the usual minimum for a
felony) and the defendant has been previously convicted two or more times of any grade of theft. 
The offense proved by the State was the offense alleged in the indictment.

 In a prosecution for theft, the allegation as to the value of the stolen property is not
descriptive other than as it affects whether the offense is a felony or a misdemeanor. Houston v.
State, 265 S.W. 585, 588 (Tex. Crim. App. 1924) (opinion on motion for rehearing). In this
cause, the State alleged and proved a third-degree felony under section 31.03(e)(4)(E). The
State's failure to prove the specific value alleged is not a fatal variance. Sowders v. State, 693
S.W.2d 448, 450 (Tex. Crim. App. 1985). Point of error one is overruled.

 Appellant's second point of error is that the punishment assessed is cruel and
unusual in light of the small amount of property stolen. This argument ignores appellant's status
as both a habitual thief and a habitual felon. The punishment assessed in this cause is within the
range prescribed by statute, and appellant has not demonstrated that it is unconstitutionally
disproportionate under the circumstances. See Solem v. Helm, 463 U.S. 277 (1983). Point of
error two is overruled.

 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: August 11, 1993

[Do Not Publish]