**Opinion issued March 14, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-17-00587-CR
_____

### TERRANCE DAVIS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1482887**

---

## MEMORANDUM OPINION

A jury convicted appellant of state-jail felony theft,[1] found an enhancement

paragraph true, and assessed punishment at 12 years' confinement.  In four related

---

[1]     *See* TEX. PENAL CODE § 31.03(e)(4)(a) (providing that theft is a state jail felony if
        "the value of the property stolen is $2,500 or more but less than $30,00."

issues on appeal, appellant contends that (1) the trial court erred in allowing the indictment to be amended after trial commenced, (2) the evidence was legally insufficient, (3) the trial court erred by overruling appellant's objections to the charge, which created a fatal variance between the allegations of the indictment and the proof offered at trial, and (4) the trial court erred by overruling appellant's request for a jury charge on a lesser-included offense.

## BACKGROUND

### *Factual Background*

Appellant was arrested after a "bank jugging" investigation. "Bank jugging" involves suspects who park in front of a bank, watch customers leave the bank, and then follow the customers in an attempt to commit a theft or robbery.[2] After an undercover officer left a Wells Fargo Bank branch, appellant followed the officer to an HEB grocery store parking lot, and, when she went into the grocery store, appellant broke into her car with a screwdriver and grabbed her backpack, which contained exactly $2500 in "bait money." Appellant was not able to remove the backpack from the car "all the way" because the officers had attached it to the car seat with a cable that was "a few feet" long. Officers saw the backpack as appellant

---

[2] *See Kitchen v. State*, No. 01-17-00173-CR, 2018 WL 1630296, at *1 (Tex. App.—Houston [1st Dist.] Apr. 5, 2018, pet. ref'd) (mem. op., not designated for publication)

pulled it through the window, but the cable prevented it from going much further than the "sill" of the window. Appellant was immediately arrested.

## *Procedural Background*

The following pleadings are relevant to disposition of appellant's issues on appeal:

The Complaint, dated 9/25/15, alleged that appellant

[d]id then and there unlawfully appropriate, by acquiring and otherwise exercising control over property, namely, CASH MONEY, owned by ADAM BOCK, hereafter styled the Complainant, of the value of exactly two thousand five hundred dollars, with the intent to deprive the Complainant of the property.

The Original Indictment, dated 11/19/15, alleged that appellant

[d]id then and there unlawfully, appropriate, by acquiring and otherwise exercising control over property, namely, CASH MONEY, owned by JEANETTE PAYNE, hereafter styled the Complainant, of the value of over two thousand five hundred dollars and under thirty thousand dollars, with the intent to deprive the Complainant of the property.

The First Amended Indictment, dated 5/12/17, alleged that appellant

[d]id then and there unlawfully, appropriate, by acquiring and otherwise exercising control over property, namely, CASH MONEY owned by JEANETTE PAYNE, hereafter styled the Complainant of the value of over two thousand five hundred dollars and under thirty thousand dollars, with the intent to deprive the Complainant of the property.

At the end of the presentation of evidence, appellant moved for a directed verdict, alleging that the State had not proved that appellant stole *over* $2500 as

3

pleaded in the First Amended Indictment. The State asked that it be permitted to delete the word *over* from the First Amended Indictment. The trial court denied appellant's motion for directed verdict, but the First Amended Indictment was never amended.

The jury charge application, to which appellant timely and properly objected, provided that appellant

> [d]id then and there unlawfully, appropriate by acquiring or otherwise exercising control over property, namely, a cash money, owned by Jeanette Payne, of the value of at least two thousand five hundred dollars and less than thirty thousand dollars, with the intent to deprive Jeanette Payne of that property.

The jury found appellant guilty, and this appeal followed.

## AMENDMENT OF INDICTMENT

In issue one, appellant contends that the trial court erred by permitting the State to amend the indictment to omit the word "over" before "two thousand five hundred dollars" in its description of the property stolen. Appellant argues that, once trial commences, an indictment may not be amended over a defendant's objection. *See* TEX. CODE CRIM. PROC. art. 28.10(b) ("A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object."). As a result, appellant contends that the First Amended Indictment was the charging instrument at the time of trial and that the sufficiency of the evidence should be measured against it.

4

The State responds that "the charging instrument was never altered to remove the language alleging that appellant appropriated property of "over $2,500" and that because "the indictment was not actually amended . . . appellant has not shown that the trial court erred."

As such, both parties agree that the indictment was never amended and that the charging instrument at the time of trial was the First Amended Indictment, which still included the word "over" before "two thousand five hundred dollars" in its description of the property stolen.

Because the indictment was not amended, the trial court did not err. Accordingly, we overrule issue one.

## SUFFICIENCY OF THE EVIDENCE/MATERIAL VARIANCE

In issue two, appellant contends that the evidence was insufficient to prove appellant's guilt under the First Amended Indictment. Specifically, appellant argues that the State failed to prove that appellant stole cash with "a value of over two thousand five hundred dollars and under thirty thousand dollars[,]" as alleged in the indictment. The State responds that there was no "material variance" between the indictment and the proof.

### *Standard of Review and Applicable Law*

The Due Process Clause protects a person from conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which

5

he is charged. U.S. CONST. amend. XIV; *accord Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011). In reviewing the legal sufficiency of the evidence, we ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We review the evidence "in the light most favorable to the verdict." *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012).

In cases involving a sufficiency claim based on a variance between the indictment and the evidence, we consider the materiality of the variance rather than reviewing the evidence under the traditional sufficiency standards set forth in Jackson. *See Fuller v. State*, 73 S.W.3d 250, 253 (Tex. Crim. App. 2002).

Only a "material variance—one that prejudices a defendant's substantial rights—will render the evidence insufficient. *Ramjattansingh v. State*, 548 S.W.3d 540, 547 (Tex. Crim. App. 2018). This happens when the indictment, as written, (1) fails to adequately inform the defendant of the charge against him or (2) subjects the defendant to the risk of being prosecuted later for the same offense. *Id.* There are three different categories of variance. *Id.*

1. A statutory allegation that defines the offense, not subject to materiality analysis, or, if it is, is always material; the hypothetically correct jury charge will always include the statutory allegations in the indictment;

6

2. A non-statutory allegation that is descriptive of an element of the offense that defines or help define the allowable unit of prosecution; sometimes material; the hypothetically correct jury charge will sometimes include the non-statutory allegations in the indictment and sometimes not;

3. A non-statutory allegation that has nothing to do with the allowable unit of prosecution; never material, the hypothetically correct jury charge will never include the non-statutory allegations in the indictment.

*Id.* "The bottom line is that, in a sufficiency review, we tolerate variances as long as they are not so great that the proof at trial 'shows an entirely different offense' than what was alleged in the charging instrument." *Id.* (quoting *Johnson v. State*, 364 S.W.3d 292, 295 (Tex. Crim. App. 2012)).

*Analysis*

Appellant contends that the variance in this case falls into the first category, i.e., a variance that is not subject to a materiality analysis. Specifically, appellant argues that, because the State proved that appellant stole exactly $2500.00, its proof did not satisfy the "jurisdictional requirement" of the State's pleading of "over" $2500. *See Sowders v. State*, 693 S.W.3d 448, 450 (Tex. Crim. App. 1985) ("The State must prove at trial that the amount of money stolen satisfies the jurisdictional requirements of the State's pleading."). The State responds that the "jurisdictional requirements of the State's pleading" are only those necessary to prove the charged

offense, a state jail felony theft. We agree with the State and case law dating back to at least 1924 supports the State's position.[3]

In *Houston v. State*, 265 S.W. 585 (Tex. Crim. App. 1924), the indictment alleged that the defendant stole cotton valued at $131.41, but the proof showed that its value was only $118. *Id.* at 588. The defendant argued that the allegation in the indictment did not correspond to the proof presented at trial. *Id.* The court disagreed, stating, "An allegation as to the value is not held descriptive further than as it affects the question as to whether the offense is a felony or a misdemeanor. If the proof showed beyond a reasonable doubt that the property alleged to have been taken was of the value of more than $50 [the jurisdictional limit for felony theft at the time], this is all that is necessary." *Id.* (citations omitted).

In *Bergman v. State*, the indictment alleged that appellant stole "fifty-two dollars and ninety-six cents in money." 370 S.W.2d 895, 896 (Tex. Crim. App. 1963). However, the proof at trial showed that appellant wrote a check for $52.96, with which he paid for $2.96 in groceries, receiving $50 back in cash. *Id.* The court held that, even though appellant only stole $50, not the $52.96 alleged in the

---

[3] Indeed, case law going back to 1899 supports the same. In *Diaz v. State*, 53 S.W. 632, 633 (Tex. Crim. App. 1899), the indictment alleged alteration of goats valued at $65, but the statute under which the defendant was charged only required that the goats be valued at $20. The court found that the trial court was not required to charge the jury that it must find that the goats were valued at $65, even though that was the amount alleged in the indictment. *Id.*

indictment, there was no material variance. *See id.* at 896–97. "Where the value of property alleged to have been stolen does not determine whether the offense is a felony or a misdemeanor, nor control the punishment applicable to the theft, the allegation as to its value is not descriptive of the offense and need not be proven." *Id.* at 896 (quoting *Malazzo v. State*, 308 S.W.2d 29, 31 (Tex. Crim. App. 1957)). Because felony theft at the time required proof of "fifty dollars or over," "[t]he fact that the money was alleged [in the indictment] to have been worth $52.96, and proven to have been worth $50, was immaterial." *Id.* at 897.

In *Sowders v. State*, 693 S.W.2d 448, 449 (Tex. Crim. App. 1985), the defendant was indicted for theft of property from Marilyn Ejem, "namely: SEVEN THOUSAND THREE HUNDRED ELEVEN AND 6/100 DOLLARS ($7,311.06), in United States Currency, *all of the value of two hundred dollars or more but less than ten thousand dollars*[.]" On appeal, the defendant argued that the State was required to prove that all $7,311.06 belonged to Marilyn Ejem. *Id.* at 450. The Court of Criminal Appeals disagreed, and as an example, explained: "[I]f a defendant is charged with third-degree felony theft, the State need only prove that the value of the property stolen within the [range of value for a third degree felony]." *Id.*

In this case, appellant is charged with state jail felony theft. An individual commits the offense of state jail felony theft if he unlawfully appropriates property with the intent to deprive the owner thereof, and the value of the property stolen is

9

"$2,500 or more but less than $30,000[.] TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A). Under the reasoning of the cases discussed above, the fact that the State proved that exactly $2,500 was stolen was sufficient. If appellant stole exactly $2,500 dollars, or even just one penny more, both of those amounts would fall within the range for a state jail felony.

> In theft prosecutions, the State's allegation of the value of the property is not 'descriptive' within the meaning of the traditional variance rule. Thus, the State need only prove a value sufficient to establish the crime charged. The precise value alleged need not be proved. A variance between the value alleged and that proved will not preclude conviction.

43A TEX. PRAC. SERIES: *Criminal Practice and Procedure* § 52:43 (3d ed.).

Because the indictment alleged a state jail felony and the evidence at trial proved a state jail felony, there was no material variance between the indictment and the proof. Accordingly, we overrule issue two.

## JURY CHARGE

In issue three, appellant contends the trial court erred by refusing to include the word "over" before "two thousand five hundred dollars" in its description of the property stolen in the application paragraph of the jury charge.[4] Appellant's

---

[4] The application paragraph of the jury charge asked the jury to decide whether appellant:

> [d]id then and there unlawfully, appropriate by acquiring or otherwise exercising control over property, namely, a cash money, owned by Jeanette Payne, of the value of at least two thousand five hundred dollars and less than

10

argument is essentially the same as that in the previous sufficiency review: that the State alleged an amount over $2,500, so the jury should have been instructed to determine whether the State proved an amount over $2,500.

However, we have already held that a hypothetically correct jury charge, against which the evidence is considered, need not include an immaterial variance, and the inclusion of an amount over that required to show a state jail felony is immaterial. In this case, we have not only a hypothetically correct jury charge, the jury charge given was actually correct.

Article 36.14 of the Code of Criminal Procedure requires that a trial court provide a jury charge "distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. Art. 36.14. A charge sets forth the law applicable to the case by tracking the language of the relevant statute. *See Casey v. State*, 215 S.W.3d 870, 887–88 (Tex. Crim. App. 2007); *Martinez v. State*, 924 S.W.2d 693, 699 (Tex. Crim. App. 1996) ("Following the law as it is set out by the Texas Legislature will not be deemed error on the part of a trial judge."). The application paragraph in this case tracks the language of section 31.03(e)(4)(a) of the Penal Code, and the trial court did not err by refusing to add the requested language.

We overrule issue three.

---

thirty thousand dollars, with the intent to deprive Jeanette Payne of that property.

11

# LESSER-INCLUDED OFFENSE

In his fourth issue, appellant contends the trial court erred by overruling his request for a jury charge on the lesser-included offense of attempted theft. At trial, appellant argued in support of the requested charge as follows:

> And we would also request an instruction on the lesser of attempted theft. I think the way this sting operation was engineered, there was no way [appellant] was ever going to get away with this money and, in fact, didn't get away with it; and a rational juror might have a reasonable doubt as to whether or not he actually did acquire or otherwise exercise control over the property because, really, there is no definition of what "acquire" and "exercising control" over property is, other than that. A rational juror might very well believe that in this situation where there was no way he was ever going to get more than 3 feet away from that car with this money, might not constitute acquiring or otherwise exercising control; so we would ask for a less on attempted theft.

The trial court denied his requested instruction on the lesser-included offense of attempted theft.

## Standard of Review and Applicable Law

We follow a two-step test for determining whether a trial court is required to give a requested instruction on a lesser-included offense. *See Bullock v. State*, 509 S.W.3d 921, 924 (Tex. Crim. App. 2016).

The first step is to determine whether the requested instruction pertains to an offense that is a lesser-included offense of the charged offense, which is a matter of law. *Id*. Under this first step of the test, an offense is a lesser-included offense if it is within the proof necessary to establish the offense charged. *Id*.; *Sweed v. State*, 351

12

S.W.3d 63, 68 (Tex. Crim. App. 2011); *see also* TEX. CODE CRIM. PROC. art. 37.09. Here, the first step is established because, as a matter of law, an attempt to commit the charged offense, attempted theft, is a lesser-included offense of the charged offense of theft. *Bullock*, 509 S.W.3d at 924; TEX. CODE CRIM. PROC. art. 37.09(4).

The second step in the analysis asks whether there is evidence in the record that supports giving the instruction to the jury. *Bullock*, 509 S.W.3d at 924–25; *Sweed*, 351 S.W.3d at 68. Under the second step, a defendant is entitled to an instruction on a lesser-included offense when there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Bullock*, 509 S.W.3d at 925; *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011) (citations omitted). The evidence must establish that the lesser-included offense is a valid, rational alternative to the charged offense. *Bullock*, 509 S.W.3d at 925.

The second step requires examining all the evidence admitted at trial, not just the evidence presented by the defendant. *Bullock*, 509 S.W.3d at 925; *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). We consider the entire record and a statement made by the defendant cannot be plucked out of the record and examined in a vacuum. *Bullock*, 509 S.W.3d at 925; *Enriquez v. State*, 21 S.W.3d 277, 278 (Tex. Crim. App. 2000). Anything more than a scintilla of evidence is adequate to entitle a defendant to a lesser charge. *Bullock*, 509 S.W.3d at 925; *Sweed*, 351

13

S.W.3d at 68. Although this threshold showing is low, it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted. *Bullock*, 509 S.W.3d at 925. "However, we may not consider the credibility of the evidence and whether it conflicts with other evidence or is controverted." *Goad*, 354 S.W.3d at 446–47. "Accordingly, . . . the standard may be satisfied if some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations." *Sweed*, 351 S.W.3d at 68.

"In considering whether a lesser offense is a valid, rational alternative to the charged offense, we must compare the statutory requirements between the greater offense—here, theft—and the lesser offense—here, attempted theft—to determine whether evidence exists to support a conviction for attempted theft but not theft." *Bullock*, 509 S.W.3d at 925. A person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of the property. TEX. PENAL CODE § 31.03(a). "Appropriate" means to acquire or otherwise exercise control over property other than real property. *Id.* § 31.01(4)(B). Criminal attempt occurs when a person, with specific intent to commit an offense, does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. *Bullock*, 509 S.W.3d at 925; TEX. PENAL CODE §15.01(a). To find

14

appellant guilty only of attempted theft, a jury would be required to determine that appellant intended to steal the backpack, he did an act amounting to more than mere preparation, but he failed to effect the completed theft—i.e., he failed to unlawfully appropriate the backpack by failing to acquire it or otherwise exercise control over it. *See Bullock*, 509 S.W.3d at 925. It is not necessary that the property be taken off the premises where the theft occurs; it is instead only essential that the evidence show an exercise of control over the property, coupled with an intent to deprive the owner of the property. *Hill v. State*, 633 S.W.2d 520, 521 (Tex. Crim. App. [panel op.] 1981). In determining whether an appropriation has occurred, we consider whether the accused exercised unauthorized control over the property. *See Freeman v. State*, 707 S.W.2d 597, 605 (Tex. Crim. App. 1986).

*Analysis*

These facts provide no evidence that appellant tried but failed to exercise control over the backpack. The undisputed evidence is that he grabbed the backpack and pulled it through the window with the requisite criminal intent. Any "exercise [of] control over property other than real property" is an appropriation regardless of the duration of that control. *See Baker v. State*, 511 S.W.2d 272, 272 (Tex. Crim. App. 1974) ("[R]emoval of the property from the premises is not necessary for commission of the offense of theft. Removal of the object from its customary location is sufficient to show such reduction of control or manual possession as is

15

required."); *see Willis-Webb v. State*, No. 01-15-00727-CR, 2016 WL 6277423, at *3–4 (Tex. App.—Houston [1st Dist.] Oct. 27, 2016, pet. ref'd) (mem. op., not designated for publication) (holding evidence showed unlawful appropriation even though security guards caused defendant to abandon merchandise before leaving store); *Patterson v. State*, No. 09-12-00576-CR, 2014 WL 1778373, at *4 (Tex. App.—Beaumont Apr. 30, 2014, pet. ref'd) (mem. op., not designated for publication) (defendant on trial for theft of copper wire was not entitled to attempted-theft instruction because "[w]hen Officer Bray saw Patterson with the roll of wire in his hand, Patterson was exercising control over it"); *Hicks v. State*, No. 12-13-00158-CR, 2014 WL 1922619, at *3 (Tex. App.—Tyler May 14, 2014, no pet.) (mem. op., not designated for publication) (holding that defendant who stole jewelry from store but did not leave store was not entitled to attempted-theft instruction because "the act of carrying away or removing property is not an element of statutory theft"); *Ragan v. State*, No. 12-13-00183-CR, 2013 WL 6797734, at *3 (Tex. App.—Tyler Dec. 20, 2013, no pet.) (mem. op., not designated for publication) ("When Appellant and his codefendant disconnected the transformers, they exercised control over the property, which is consistent with the penal code's definition for 'appropriate.' There is no evidence that if Appellant was guilty, he was guilty only of 'attempted theft.'"); *Cantrell v. State*, No. 05-92-01220-CR, 1994 WL 24386, at *2 (Tex. App.—Dallas Jan. 31, 1994, no pet.) (not designated for publication) ("[T]o have

the issue of attempted theft submitted to the jury, the evidence must show that appellant intended to take the necklace, but failed. . . . Although appellant argues that he never had full possession of the necklace, a temporary deprivation with the requisite intent to permanently deprive sufficiently establishes the crime of theft."); *Malone v. State*, No. 05-05-01159-CR, 2006 WL 1727727, at *2 (Tex. App.—Dallas June 26, 2006, pet. ref'd) (not designated for publication) (holding that defendant was not entitled to attempted-theft instruction because he "had hooked the trailer to his van and had moved the trailer, although only slightly").

Here, appellant exercised control over the backpack when he removed it from its location on the seat of the car and pulled it through the window. We therefore conclude that the trial court properly overrule appellant's request for the lesser-included offense of attempted theft.

Accordingly, we overrule issue four.

## CONCLUSION

We affirm the trial court's judgment.


Sherry Radack
Chief Justice


Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).

17