of the statute is demanded by its language. If it be not, then no benefit was created by the section and it is a nullity.

Nor was it error to allow the defendant, upon cross-examination, to be asked how many times he had been in prison.

Section 832 of the Code expressly authorizes such a line of examination. It declares that a person who has been convicted of a crime may be asked, on cross-examination, as to the facts. Not only that, but it provides that the person cross-examining is not concluded by his answer to such a question; so that if the witness falsely states that he was not convicted, his testimony may be disproved.

The points presented on behalf of the appellant have thus been considered, and the duty of the court requires, for the reasons stated, a declaration that he shall take nothing by his appeal, and that the judgment should be affirmed.

Ordered accordingly.

DAVIS, P. J., and DANIELS, J., concur.

---

## Court of Appeals.

*May,* 1883.

## Supreme Court—General Term—First Department.

*November,* 1882.

## WEBSTER *v.* PEOPLE.

FALSE PRETENSES.— VARIANCE.— EVIDENCE. — INDICTMENT.— POSTPONEMENT OF TRIAL.

An exception to the refusal of the court to postpone a criminal trial upon the ground of the absence of a witness, is of no avail upon a writ of error.

Where upon the trial of an indictment for obtaining money by false pre-

tenses, the deed which was made the instrument for so obtaining the money is set out in the indictment, but is not in terms alleged to have been sealed, the original deed is admissible in evidence though sealed, where the attestation clause to the deed as set forth in the indictment described it as sealed.

Where the instrument is alleged in the indictment to have been a deed, it is a sufficient averment that it was executed under seal.

That the deed as copied in the indictment omits certain boundary lines contained in the original deed, does not render said original deed inadmissible in evidence, where the description as contained in the indictment is the same, in legal effect, as in the original deed, and there is no possibility of the prisoner being misled by the omissions.

An indictment for obtaining money by false pretenses, which sets out more than one false representation, is supported by proof of one of said representations, provided it appear that it was falsely and fraudulently made, and that by it the complainant was induced to part with his money.

Where one agrees to sell to another lands north of a certain railroad, and executes and delivers to said person a deed conveying other and wholly distinct premises south of said railroad, which deed he intentionally misreads to the grantee, who is illiterate, and unable to read, and thereby leads the grantee to believe that the premises conveyed are those north of said railroad, and by said means obtains the grantee's money, such grantor is guilty of the crime of obtaining money by false pretenses.

Writ of Error to the Court of General Sessions of New York.

The defendant was convicted in the court of General Sessions upon the trial of an indictment before Cowing, J., and a jury, May 27, 1881, charging him with commission of the offense of false pretenses, and was sentenced to the State prison for the term of eighteen months.

The false pretenses set out in the indictment and upon which the defendant in error relied, were that the plaintiff in error represented to one John Breen, the prosecutor, who was an illiterate man and unable to read writing, except that of his own name, that a certain deed made to him under the name of John Brann, which described property situate on Coats and Locust avenues, distant two hundred and seventy-five feet *south* of Long Island Railroad, in Holbrook, town of Brookhaven, Suffolk county, Long Island, described and conveyed, and was a deed of land situate

on said avenues *north* of the said railroad, and that the *said last named* land was unincumbered.

The other pretenses alleged in the indictment were abandoned by the prosecution on the trial.

The prisoner on being arraigned moved for an adjournment on the ground of the absence of a witness, which motion was, under the circumstances set forth in the opinion, denied, and an exception taken.

Various exceptions to the admission of evidence were taken by the prisoner and also to the denial of his motion for the direction of a verdict of acquittal, upon the ground among others, that there was a failure of proof as to the alleged false representation that the land north of the railroad was unincumbered —all of which are considered in the opinion.

*Howe & Hummel,* for plaintiff in error.

*John McKeon,* district attorney, and *John Vincent,* assistant, for the people, defendant in error.—A motion for an adjournment is wholly addressed to the discretion of the court, and its refusal to grant the motion is not reviewable. People *v.* Horton, 4 *Park,* 222. Eighmy *v.* People, 79 *N. Y.* 546. The term "*deed,*" used in the indictment, imports, *per se,* a seal, and it is unnecessary to allege, when that term is used, that the instrument is sealed. Page *v.* People, 6 *Park,* 684. The only object of setting out an instrument in an indictment is to inform the accused of the offense with which he is charged, and this is answered, even where the instrument is directly charged upon, by describing it with sufficient definiteness to enable the defendant to identify it without setting it forth fully or exactly. Tomlinson *v.* People, 5 *Park.* 313; People *v.* Holbrook, 13 *Johns.* 90; People v. Jackson, 8 *Barb.* 637. Here the instrument was not directly charged upon as in forgery or larceny, but simply used for the purpose of showing that the land pretended to be conveyed was not embraced in it. That it sufficiently identified the deed received in evidence, and on its face showed that it did not describe or convey those lands is patent, and answers all the requirements of the law. Where several pretenses are alleged

in an indictment, it is sufficient to establish one to the satisfaction of the jury, to sustain the indictment. Wood *v.* People, 34 *N. Y.* 351 ; Bielschofsky *v.* People, 3 *Hun*, 40.

DANIELS, J.—The facts stated by the district attorney and not denied by the prisoner's counsel supplied a complete answer to the application for the postponement of the trial. The delay has been such as to subject the application to the suspicion that it was not made in good faith, and the proposal made by the prosecuting officer to go to the residence of the absent witness and take his evidence was entirely reasonable in itself, for it afforded the defendant the means of using his evidence upon the trial. And when his counsel refused, as he did, to accept that offer, the court was justified in denying the application for the postponement. But even if that were not the case, the exception taken to the decision would be of no avail upon a writ of error, for it is not a subject which can be brought up for review in that manner. Eighmy *v.* People, 79 *N. Y.* 546.

The deed which was made the instrument for obtaining the money from the prosecuting witness, was set out in the indictment, but it was not in terms alleged to have been sealed, and as the deed offered in evidence upon the trial was sealed, this was objected to as rendering the deed produced, improper by the way of evidence. But in the attesting clause of the deed set out in the indictment, it was stated to have been sealed, and beyond that, alleging it to have been a deed, was, in substance, alleging it to have been executed under seal. Paige *v.* People, 6 *Park.* 683.

By a comparison of the deed produced with that set out in the indictment, the courses of two of the boundary lines appeared to have been omitted in copying the deed into the indictment. With the exception of those omissions, the copy obtained in the indictment was an exact copy of the deed as it was produced upon the trial ; but on account of these omissions the deed itself was objected to as evidence, for the reason that in this respect it differed from that set forth in the indictment. But these differences were not important, for the copy in the indictment still constructively showed that the northerly and southerly lines of the land described, were fifty feet in length,

and as the easterly and westerly points were literally given, the description was not materially deficient, particularly as the lands were stated to have been staked out, and their length and breadth were afterwards given with the same precision as that shown by the deed itself. There was no possibility of the prisoner being misled by these omissions, for without them the copy was in legal effect and substantially the same as the deed executed by him.

The evidence tended to show that the land which the prosecuting witness had agreed to purchase from the prisoner, was on the north side of the Long Island Railroad, while that described in the deed, both as it was set out in the indictment, and was made to appear upon the trial, is stated to be seventy-five feet south of the center of the Long Island Railroad. And one of the representations by which the money was obtained, is alleged to have been that the defendant falsely read the deed to the witness, as a deed of land on the north side of the railroad, and in that manner obtained from him the money mentioned in the indictment. This witness was an illiterate person, not able to read the deed himself, and he and the other persons who were present at the defendant's office in the city of New York, when the transaction was completed, testified that the defendant there read the description in the deed, as describing property on the north side, while in fact it wholly described property on the south side of the railroad, and the prosecuting witness testified that he would not have paid the money if he had not believed the deed to contain the property which had been exhibited to him by the defendant, as the property to be sold, and which was situated on the north side of the railroad.

This was sufficient to make out the case, although other false representations were set out in the indictment, for where more than one of such representations are alleged, the case may still be established by proof of one of them. Bielschofsky v. People, 3 *Hun*, 40.

It is not necessary, therefore, to inquire whether the title of the defendant's wife to the property on the north side of the railroad, was shown to have been good and free from incumbrance, for the intentional misreading of the deed, in the man-

ner in which that is stated to have been done, and by means of that reading obtaining the money of the prosecuting witness, were sufficient to lead to a denial of the motion made by the defendant's counsel, requesting the direction of a verdict of acquittal. As the case was presented, it justified the verdict returned by the jury, and the judgment should, therefore, be affirmed.

DAVIS, P. J., and BRADY, J., concur.

Upon appeal to the Court of Appeals, the judgment was affirmed, and the following opinion was written:

MILLER, J.—Upon the application to postpone the trial of the indictment against the prisoner there were circumstances to excite suspicion in the mind of the court that the application was not made in good faith. There had been a long delay, as appears from the facts stated by the public prosecutor, which were not contradicted, and the proposition of the court to take the testimony of the absent witness at his residence was a fair one and would have given the prisoner the benefit of the testimony and should have been acceded to by the prisoner's counsel.

Although the presence of a witness is always desirable instead of his testimony being taken in writing, yet under the circumstances presented we do not think any just ground on complaint exists for refusing to postpone the trial on the ground of the absence or the inability to procure the personal attendance of the witness. It is enough to justify the condition imposed that the judge had reason to suspect the application was not made in good faith. It may be added that upon a writ of error no exception lies to a refusal to postpone a criminal trial by reason of the absence of witnesses. Eighmy *v.* People, 79 *N. Y.* 546.

There was no error in admitting in evidence the deed offered by the prosecution. The objection is that the boundary lines northerly and southerly contained in the deed, were left out of the indictment, and that there was no seal. The indictment, it is true, does not in terms allege that the deed was sealed. It is so stated, however, in the attesting clause of the

deed as set forth in the indictment, and the allegation that it was a deed was a substantial averment that it was under seal. Such a conveyance imports a seal, and it may be assumed therefore that the deed set out in the indictment contained all that was required to constitute a valid conveyance.    The omission of two of the boundary lines from the description in the deed set forth in the indictment did not constitute a material variation and was not important, inasmuch as the copy in the indictment shows inferentially that the northerly and southerly lines were fifty feet in length ; and as the easterly and westerly points were correctly given, the description was not radically deficient.    The indictment stated that the lands had been staked out, and the length and breadth were given as stated in the deed itself.    No mistake could have been made by the prisoner by reason of the omission as the copy was in substance and effect the same as the one he had executed.    It is claimed by the appellant's counsel that the court erred in refusing to take the case from the jury.    This position is based upon the ground that the evidence established that the mortgage was assigned to the prisoner and his wife on the 23d day of October 1872 ; that it was conceded, the prisoner's wife owned the fee of the land that was purchased at the time the representations were made ; that the mortgage and fee in the land having merged the property was free and clear.

Assuming the correctness of this position, we think there was sufficient evidence to authorize the court to submit the case to the jury.    It was alleged in the indictment as one of the false representations made by the prisoner to one John Breen, who was an illiterate person and unable to read writing that he owned four lots of land north of the Long Island Railroad and that a deed purporting to be executed by him and wife to the said Breen was a deed and conveyance of the said four lots, and that the four lots were set forth and described therein, and that Breen, believing the representations and that the instrument was a conveyance of said four lots, and being deceived thereby, paid to the prisoner the sum of money mentioned in the indictment.    The evidence shows that the witness was not able to read the deed, and that the prisoner read it to him falsely, in that the property was situated one hundred and

seventy-five feet north of the center of the Long Island Railroad, and the prosecutor testified that he would not have paid the money if he had not believed the deed to contain a description of the property which had been exhibited to him by the prisoner as the property to be sold and which was situated on the north side of the railroad. There was proof to show the representations in regard to the location of the property were false, and that the allegation set forth in the indictment concerning the same was true. Where one or more pretenses are proved to be false, and the pretenses thus proved to be false are sufficient *per se* to constitute the offense, the accused will be convicted notwithstanding that the public prosecutor fails in proving to be false other pretenses alleged in the indictment. Butler *v.* Maynard, 11 *Wend.* 552; Bielschofsky *v.* People, 3 *Hun*, 40. Whether the land was free and clear from all incumbrances, was, therefore, of no consequence, if the intentional misreading of the deed induced the prosecutor to part with his money, and a case was made out independent of the false representations alleged to have been made in this respect.

It follows that there was no error in refusing to take the case from the jury, or in refusing to direct the acquittal of the prisoner.

The judgment should be affirmed.

Judgment affirmed.

All concur.