No opinion.

---

Fourth Appellate Department, March, 1905. Reported. 102 App. Div. 621.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK J. BRENNAN, Appellant.

*Brown & Coleman,* for Appellant.

The Trial Court abused its discretion in denying the application of the defendant to put the case over the term, under circumstances which would lead the district attorney to agree not to move the case, and which compelled the defendant's absence from the place of trial. The court should not have forced the case to trial, and defendant should be allowed his day in court.

*John Knight,* District Attorney, for the People.

The Trial Court did not abuse its discretion in denying the application to put the case over the term, on the ground of a prior

arrangement with the district attorney. The district attorney's agreement with defendant's attorney was based on the stated necessity of the latter's being elsewhere engaged during the term, but the defendant's attorney was not elsewhere engaged, and so the district attorney gave five days' notice of his intention to move the case. He had ample time to prepare the defense.

The Court's denial of the application for a postponement of the trial, was an exercise of discretion with which the Appellate Court will not interfere. (*People* v. *Horton,* 4 Park. Cr. 223; *Commonwealth* v. *Donovan,* 99 Mass. 426; *State* v. *Pike,* 20 N. H. 334; *Eighmy* v. *People,* 79 N. Y. 554; *People* v. *Shea,* 147 N. Y. 89; *Webster* v. *People,* 92 N. Y. 422; *People* v. *Colt,* 3 Hill, 436.)

Judgment of conviction and orders reversed and new trial ordered. Held, that upon the facts presented the defendant was entitled to a postponement of the trial in order to procure the attendance of a material witness who was sick and absent.

All concurred.