**Harold Davey CASSELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47776.**

Court of Criminal Appeals of Texas.

March 13, 1974.

Rehearing Denied April 10, 1974.

Buddy M. Dicken, Sherman, for appellant.

Joe Max Shelton, County Atty., and Dan McNulty, Asst. County Atty., Sherman, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is burglary of a private residence at night; the punishment, forty (40) years.

Appellant brings forward ten grounds of error.

In ground of error no. 1, appellant contends that the evidence was insufficient to establish burglary of a private residence at night.

Dr. McGee of Sherman testified that he maintained two residences, one within the city of Sherman and one on a farm outside the city. He testified on direct that he lived at both locations, spending about equal time at each place. The house in question was a concrete block house with three rooms and a kitchen. McGee further testified that there was phone service maintained at the house and that he received mail there. The burglary occurred on March 24, 1970. McGee testified that he had not spent the night at the farm since March 22. It is this absence from the house that forms the basis of this ground of error. On cross-examination, Dr. McGee admitted that it was possible that he spent 80 percent of his time at his residence in Sherman and 20 percent of his time at the farm, while also testifying that he was at the farm almost every day to take care of cattle which he kept there.

■ The percentage of time spent at a house cannot be used as an absolute gauge to determine if a house was in fact a private residence when burglarized. The court's charge instructed the jury that " 'private residence' means any building or room occupied and actually used at the time of the offense by a person as a place of residence." The jury, by their verdict, determined that the house was being used as a private residence at the time of the offense even though Dr. McGee was not at the house when the burglary occurred.

We hold that the evidence is sufficient. Cf. Kizer v. State, Tex.Cr.App., 400 S. W.2d 333.

■ In grounds of error two and three, appellant asserts that there was no showing that force was used to enter the house when the property in question, a clock, was taken. McGee testified that on the morning of March 25, 1970, he went to his farm and found the kitchen door open, apparently having been forced open. Accomplice Ramirez testified that entry was gained by forcing open the kitchen door. Ramirez and appellant removed several items, not material to this case, and transported them to another location. Later that night Ramirez, appellant and a third party returned to the McGee farm house and removed an antique clock. There was no testimony that any force was used during this second entry. Ramirez testified that it was "after sundown" when they first arrived at the McGee farm, "8:00 or 8:30 at the latest," and they returned to the house "no later than 9:00 o'clock."

The accomplice's testimony reflects that within half an hour of the first entry the farm house was re-entered and additional items taken. The showing of the initial use of force was sufficient.

■ In ground of error number four, appellant complains of the action of the trial court in allowing the State to reopen its case and further question accomplice Ramirez as to certain discrepancies in his earlier testimony. Appellant concedes that the trial court has wide discretion in such matters. Appellant cites no authority which holds that such action in the circumstances before us would amount to an abuse of discretion. We would note fur-

ther that appellant extensively cross examined Ramirez about his change of testimony. Appellant has not indicated how he was injured by the action of the trial court. No abuse of discretion has been shown.

■ In ground of error number five, appellant contends that the evidence is insufficient because the statement given by accomplice Ramirez reflects that the property taken, a clock, was taken from Dr. McGee's residence in Sherman and not his residence at the farm.

Ramirez testified that the second time he and appellant returned to the farm house they removed an antique clock which they later sold to an antique dealer in Oklahoma.

McGee testified that the clock was kept at his farm house and that on the day following the burglary it was missing. He testified that on April 1, 1970, he accompanied a Grayson County Deputy Sheriff to Durant, Oklahoma, where he identified the clock at an antique shop.

Ramirez gave a statement some time subsequent to the burglary in which he stated "it is the same clock that we stole from Dr. J. B. McGees [sic] home in Sherman, Texas . . ." Ramirez admitted when he was recalled to testify that this portion of the statement was in error. It was undisputed that the clock was taken from the farm house. The jury resolved any discrepancies by their verdict.

■ In grounds of error six and seven appellant contends that he was compelled to give evidence against himself when the State was permitted to introduce his fingerprints taken during the trial, without an order of the court, and without presence of counsel. In the case of Harrington v. State, Tex.Cr.App., 424 S.W.2d 237, this Court held that, even though the fingerprinting was not done on the order of the trial judge, the trial judge sanctioned the action taken by admitting the fingerprints into evidence. This Court found no viola-

tion of the appellant's privilege against self-incrimination in that case. We hold that the reasoning of Harrington, supra, is controlling in this case.

In ground of error number eight, appellant argues that the trial court's charge on accomplice witness was improper.

■ There are no written objections to the court's charge. No error is shown. Hayslip v. State, Tex.Cr.App., 502 S.W.2d 119.

Appellant next contends that the trial court erred in refusing to allow appellant to present evidence on possible jury misconduct based upon the jury's consideration of appellant's failure to testify. Appellant attached affidavits of two jurors to his motion for new trial. One juror says that during the guilt-innocence phase of the trial the jurors discussed appellant's failure to offer an alibi and failure to testify. The foreman also gave an affidavit in which he stated that after the matter was brought up he instructed the jurors that this matter "was not to be used as part of the evidence," and further that "after that time it was not mentioned again."

■ The record does not reflect that appellant requested a hearing on his motion until after the motion for new trial was overruled. Further, in the absence of a showing to the contrary, we must assume that the trial court considered the affidavits in question and decided the issue of jury misconduct against appellant. Cf. Grimes v. State, 171 Tex.Cr.R. 298, 349 S.W.2d 598.

In his final ground of error, appellant complains of his removal to the State of Oklahoma during the pendency of this appeal to stand trial in a criminal case when appellant believed he was only to appear as a witness.

The record contains nothing which would support these allegations. Nothing is before us for review.

Finding no reversible error, the judgment is affirmed.