Salvador Pina MARTINEZ,
Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 54521, 54522.

Court of Criminal Appeals of Texas.

June 8, 1977.

Frank D. Johnson, San Antonio, on appeal only, for appellant.

Ted Butler, Dist. Atty., Stephen P. Allison and H. Wayne Campbell, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeals are taken from convictions for forgery. Both cases were tried before the court upon pleas of guilty and punishment was assessed at ten years in each case.

Appellant challenges the sufficiency of the evidence to support the convictions, urging in each case that "the check set out in the indictment could not be the subject of forgery because it shows on its face to have already been honored by the bank upon which it was drawn" and "the check set out by its tenor in the indictment contains notations which the evidence shows were made after the check was passed."

Appellant points to the indictments, both of which set forth what appears to be photocopies of the checks in question. Specifically, appellant calls our attention to a rectangle approximately 2¼ inches by 1½ inches containing the notation, "Paid Bexar County National Bank, San Antonio, Texas" on each check set forth in the indictments. There appear to be dates within each rectangle; however, we find, as appellant suggests, that such dates are illegible.

Appellant urges that under the decisions in *Payne v. State*, Tex.Cr.App., 391 S.W.2d 53, and *Acuff v. State*, Tex.Civ.App., 429 S.W.2d 888, the checks as they are set out in the indictments are legal nullities and therefore not the subjects of forgery.

In *Payne*, where conviction was for passing as true a forged instrument in writing, the check set forth in the indictment showed upon its face the word "FORGERY." In *Payne*, the Court said:

"Appellant correctly, we think, contends that the instrument set out in the indict-

ment could not be the subject of forgery or of passing a forged instrument because it shows on its face to be a forged instrument.

\* \* \* \* \* \*

"Assuming that the check stamped 'Forgery' could be the subject of forgery and that a conviction for passing it as true could be sustained, and further assuming that the word 'Forgery' was not on the face of the check at the time it was passed, then this conviction cannot stand because of the variance between the check identified and introduced as that passed and the check set out in the indictment."

In *Acuff*, where the instrument set out in the indictment was a check on the face of which was the word "Forged," reversal resulted, the opinion citing *Payne* for the proposition that where the instrument set out in the indictment shows on its face to be a forged instrument, it could not be the subject of a forgery.

We have reviewed the records in *Payne* and *Acuff* which are before us as the result of appeals in those cases and find that in both of those cases the defendants entered pleas of not guilty before a jury.

In the instant case, appellant entered pleas of guilty and executed under oath written waivers and consent to stipulations. In both cases, appellant made judicial written confession in which he admitted the truth of the allegations in the indictments.

Thus, unlike *Payne* and *Acuff*, where pleas of not guilty were entered and the burden was upon the State to prove all the allegations in the indictments, the appellant in the instant cases made judicial written confessions in which he admitted the truth of the allegations in the indictments. In *Byrom v. State*, Tex.Cr.App., 528 S.W.2d 224, where appeal was had upon a conviction for forgery and defendant had made a judicial confession admitting the truth of the allegation in the indictment, this Court

held the judicial confession, standing alone, was sufficient to support the plea of guilty. See *Henderson v. State*, Tex.Cr.App., 519 S.W.2d 654; *Cevalles v. State*, Tex.Cr.App., 513 S.W.2d 865; *Battiste v. State*, Tex.Cr. App., 485 S.W.2d 781.

■ Of course, the indictment must aver the elements of the offense for a judicial confession admitting the allegations in the indictment to support the conviction.

Except for the variance in dates on which the offenses were alleged to have occurred, both indictments recite in pertinent part that appellant

". . . did then and there knowingly and intentionally with intent to defraud and harm another, PASS TO JESSE SALDIVAR a CHECK that had been MADE, EXECUTED AND COMPLETED so that it purported to be the act of another who did not authorize the act, and the said defendant knew said CHECK was forged. . . ."[1]

The indictments averred all the elements of the offense of forgery under V.T.C.A., Penal Code, Sec. 32.21, and appellant, in his judicial confessions, admitted the truth of all the allegations. The question then becomes one of whether the word "Paid" appearing on the checks as they were set out in the indictments rendered the indictments void. The instant prosecution was brought under the new Penal Code, Sec. 32.21(a), supra, providing that a writing which is the subject of a forgery is defined as follows in pertinent part:

"(2) Writing includes:

(A) printing or another method of recording information; . . . ."

Under former Penal Code Art. 979, V.A. P.C., the instrument which was the subject of the forgery must have been made ". . . in such manner that the false instrument so made (if the same were true) have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have

---

1. The instruments alleged to have been passed which were set forth in the indictments both list the maker as Dr. Manuel C. Ortiz and the payee as Samuel Montez. One check for $150.00, dated 1–29–76, contains the notation, "paint contract," and the check dated 2–14–76, in the amount of $140.25, contains the notation, "contract labor."

transferred, or in any manner have affected any property whatever." Under the former Code, Art. 989, V.A.P.C. defined "pecuniary obligation" as "every instrument having money for its object, and every obligation for the breach of which a civil action for damages may be lawfully brought."

■ It follows that the offense of forgery as same is defined under Sec. 32.21, supra, does not require that the instrument in writing be such as to create, increase, diminish, discharge or defeat any pecuniary obligation. See Practice Commentary to Sec. 32.21, supra.

■ While an instrument with "Forgery" stamped on it could not have been the subject of forgery under the former Penal Code in that it could not create or defeat a pecuniary obligation, no such requirement is made by Sec. 32.21, supra, under which prosecution was brought in the instant cases. We reject appellant's contention that instruments with "Paid" on the face of them cannot be the subject of forgery.

Appellant urges further that the State has not proven that appellant knew the checks were forged. See *Stuebgen v. State*, Tex.Cr.App., 547 S.W.2d 29.

A review of the indictments reflects that in each instance they alleged that appellant ". . . knew said check was forged." As heretofore noted, appellant made judicial confessions in which he admitted the truth of the allegations in the indictments.

■ With respect to appellant's contention that there is a variance between the proof and the allegations in the indictment in that the evidence shows notations on the checks which were made after the checks were passed, we find that the photocopies of the checks offered into evidence by way of stipulation appear identical to the ones set forth in the indictments. The only difference we are able to note is that the exhibits appear to be somewhat better copies of the checks and the dates appearing within the "Paid" rectangle on the checks may be slightly more legible. Further, it must be remembered that appellant's judicial confessions admitted the truth of all allegations in the indictments.

The judgments are affirmed.

Opinion approved by the Court.