Gregory Ray THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00323–CR.

Court of Appeals of Texas, Dallas.

Jan. 20, 1982.

---

Steve Condos, Dallas, for appellant.

Ronald Hinds, Asst. Dist. Atty., Dallas, for appellee.

Before ROBERTSON, STEPHENS and VANCE, JJ.

VANCE, Justice.

Appeal is from a conviction for forgery wherein the jury assessed punishment at ten years confinement. Appellant asserts that the State failed to prove the requisite culpable mental state and, therefore, the trial court should have instructed a verdict of not guilty. He also contends that there was a material variance between the indictment and proof. We disagree on both grounds of error and thus affirm.

The record indicates that near the date of December 15, 1978 the complainant, Douglas Skemp, discovered that checks numbered 134 through 151 had been stolen from his business account checkbook which had been located in his law office in Dallas. He identified State Exhibit No. 1, as check No. 140, one of his checks that had been stolen.

He had not authorized anyone to sign the check. The check was prepared and cashed without his authorization and his signature, as the maker, was a forgery.

Witness Aloise Williams, a bank employee, testified that several weeks prior to December 20, 1978 she had occasion to meet appellant at a Dallas night club. She had talked with him several times over the telephone. On December 19, 1978, appellant phoned Williams and asked if she would cash a check for him. On December 20, 1978, appellant entered the Guaranty Bank and presented the check (State Exhibit No. 1) to Williams to be cashed. She checked his drivers license, which she found had expired, and recorded the license number and birthdate on the face of the check, near the top. She cashed the check, giving the appellant the amount of the check less a one percent service charge.

■ In the first ground of error the appellant contended "*no* evidence had been presented to show that appellant knew the check to be forged" and that the State had failed to prove an intent to defraud or harm. (Emphasis supplied.) The evidence showed that on December 19th, the day before the check was passed and the day before the date shown on the check, the appellant had contacted Williams about cashing a payroll check for him. The check clearly showed on its face "12/20 Payroll." The appellant knew he had never been employed by Skemp. We hold that the State has sufficiently proven by circumstantial evidence that appellant knew the check was forged and had the necessary intent to defraud or harm. Compare *Jones v. State*, 545 S.W.2d 771 (Tex.Cr.App.1975) with *Minix v. State*, 579 S.W.2d 466 (Tex.Cr.App. 1979). Ground of error number one is overruled.

■ Secondly, appellant contends that the check (State Exhibit No. 1) received into evidence did not sufficiently conform to the check set out in the indictment. Appellant points out that in the indictment there appears to be a vertical slash through the printed word "DOLLARS" on the

check. There is no such slash on State's Exhibit No. 1. The "slash" appears to be, without doubt, the staple attaching the copy of the check to the indictment. Near the top of State's Exhibit No. 1 Williams had made the notation: "TX DL # 7587146" and "9–20–53". When copied for the indictment the top of the check was apparently cut off and "TX DL # 7587146" does not appear thereon. The copy attached to the indictment is not clear at the top of the check and "9–20–53" appears to be "9–0–53."

The notations complained of are not essential to charge the offense. They are *explained* handwritten notations and are merely surplusage and do not constitute a fatal variance since not material to the offense charged. *See Ferguson v. State*, 572 S.W.2d 521 (Tex.Cr.App.1978); *Martinez v. State*, 551 S.W.2d 735 (Tex.Cr.App. 1977); *Ames v. State*, 499 S.W.2d 110 (Tex. Cr.App.1973). The evidence is sufficient. Ground of error number two is overruled.

Affirmed.