11th Court of Appeals
Eastland, Texas
Opinion
 
William Clay Pitts a/k/a William Clay Pitts, Jr. 
            Appellant
Vs.            No. 11-03-00362-CR -- Appeal from Erath County
State of Texas
            Appellee
 
            The jury convicted appellant of forgery by passing a forged check. TEX. PEN. CODE ANN.
§ 32.21(a)(1)(B), (b), and (d) (Vernon Supp. 2004 - 2005). Appellant pleaded true to two
enhancement allegations, and the jury assessed punishment at 15 years imprisonment and a $10,000
fine. In two appellate issues, appellant contends that the evidence was legally insufficient to support
the conviction. Specifically, appellant argues that the State failed to prove (1) that the maker of the
check – Angela Ballinger – did not sign the check or authorize another party to sign her name to the
check or (2) that he passed the check with the intent to defraud or harm another. Because the
evidence was legally sufficient to support the conviction, we affirm the judgment of the trial court.
Factual Background
            On October 4, 2002, an individual presented a check in the amount of $950 to the H.E.B. in
Stephenville, Texas. The check was drawn on the account of Speedy Truck Accessories, P.O. Box
102, Eastland, Texas 76448, and showed Angela Ballinger as the maker. The check showed the
account to be at the Strawn Branch of the First National Bank Albany/Breckenridge. The check was
made payable to Clay Pitts and showed that it was a payroll check. The State introduced the check
into evidence as State’s Exhibit No. 1.
            Shelly Denise Hammer testified that, while she was at work at H.E.B. on October 4, 2002,
a woman called her to see if H.E.B. would cash a $950 payroll check. The woman said that she was
with Speedy Truck Accessories and that one of its drivers needed to cash the check. Hammer told
the woman that H.E.B. could cash the check if the driver got there by 8:00 p.m. Hammer identified
appellant as the individual presenting the check for payment. She said that she wrote appellant’s
driver’s license number and date of birth on the check. She said that she cashed the check for
appellant.
            Terry Lee, an assistant cashier at the Strawn Branch of the First National Bank
Albany/Breckenridge, testified that Speedy Truck Accessories never had an account at the First
National Bank Albany/Breckenridge. The First National Bank Albany/Breckenridge did not pay the
check because neither Speedy Truck Accessories nor Angela Ballinger had an account at the bank.
She also said that, at one time, appellant and his wife, Daniele Pitts, had a checking account at the
bank that had the same account number as that shown for Speedy Truck Accessories on the check
in question. She said that appellant’s account had been closed in July 2002 because it was
overdrawn. She said that the check in question was a forgery because the account did not exist.
            Orlando Gaitan, a Stephenville police officer, investigated the incident. He testified that the
check was a forgery. He said that Speedy Truck Accessories did not have an account at the First
National Bank Albany/Breckenridge. He also said that appellant endorsed the check and that
appellant’s driver’s license number and date of birth were written on the check. Officer Gaitan also
said that he had been unable to locate a Speedy Truck Accessories in Eastland.
            Joe Tucker, an Eastland County probation officer, said that appellant’s wife, Daniele Pitts,
was on probation. The State introduced a community supervision form into evidence during
Tucker’s testimony as State’s Exhibit No. 3. Tucker identified the handwriting on the community
supervision form as that of Daniele Pitts. The form was dated October 4, 2002, and indicated that
Daniele Pitts’s address was P.O. Box 102, Eastland, Texas 76448. Tucker said that he provided a
copy of State’s Exhibit No. 3 to the Stephenville Police Department.
            Carroll Martin testified that he investigated cases involving forgeries and hot checks before
retiring as a police officer from the Stephenville Police Department. He also said that he was a
handwriting expert and was trained in handwriting comparison. Officer Martin performed a
handwriting analysis/comparison on State’s Exhibit No. 1 (the check) and State’s Exhibit No. 3 (the
community supervision form filled out by Daniele Pitts). He testified that Daniele Pitts was the
author of the check. He also said that Daniele Pitts signed the name “Angela Ballinger” on the
check.
Standard of Review
            In reviewing the legal sufficiency of the evidence to support a conviction, we view all the
evidence in the light most favorable to the verdict. Cardenas v. State, 30 S.W.3d 384, 389-90
(Tex.Cr.App.2000); Narvaiz v. State, 840 S.W.2d 415, 423 (Tex.Cr.App.1992). The critical inquiry
is whether, after so viewing the evidence, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. McDuff v. State, 939 S.W.2d 607, 614 (Tex.
Cr.App.), cert. den’d, 522 U.S. 844 (1997). This standard gives full play to the responsibility of the
trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
Elements of the Offense
            Appellant argues that the State failed to prove two of the elements of a forgery by passing.
The indictment charged that appellant:
[D]id then and there, with intent to defraud or harm another, transfer or pass to Shelly
Hammer a forged writing, knowing such writing to be forged, and such writing had
been so altered, made, completed, executed, authenticated so that it purported to be
the act of Angela Ballinger, who did not authorize the act, and said writing was a
check. 
 
To establish that appellant committed the offense of forgery by passing, the State had the burden to
prove beyond a reasonable doubt that appellant (1) with intent to defraud or harm another (2) passed
(3) a writing (4) that purported to be the act of another and (5) that other person did not authorize
the act. TEX. PEN. CODE ANN. § 32.21 (Vernon Supp. 2004 - 2005); Williams v. State, 688
S.W.2d 486, 488 (Tex.Cr.App.1985). 
Authorization of the Act
            Appellant argues that the evidence was legally insufficient to establish that Angela Ballinger
did not execute the check or authorize the writing of the check. Appellant asserts that there was no
evidence of the identity or existence of Angela Ballinger or that the check was passed without the
authorization of Angela Ballinger.
            The State established that Speedy Truck Accessories did not have an account at the First
National Bank Albany/Breckenridge. Because no account existed, no one was authorized to sign on
the account, including Angela Ballinger. Thus, Angela Ballinger could not have authorized the act
of writing the check. The State also presented evidence that appellant’s wife, Daniele Pitts, wrote
the name, Angela Ballinger, on the check. 
            In Williams, the defendant tried to cash a money order that was made payable to him. Janice
Chaffee was the purported maker of the money order. The evidence established that the money order
had been taken from a convenience store owned by Southland Corporation. Williams v. State, supra
at 488. A supervisor for Southland testified (1) that he did not know anyone by the name of Janice
Chaffee, (2) that Janice Chaffee was not employed by Southland, and (3) that no one by the name
of Janice Chaffee was authorized to pass the money order. The Williams court found that the
evidence was sufficient to establish that the instrument was forged. Williams v. State, supra at 489. 
            In Williams, the State established that Janice Chaffee could not have authorized anyone to
pass the money order. In this case, the evidence was sufficient to establish that “Angela Ballinger”
did not sign the check but, rather, that Daniele Pitts signed the check. The State established that no
one could have authorized the writing of the check because the account did not exist. Therefore, the
State met its burden of establishing that Angela Ballinger did not authorize anyone to make the
check.
Intent to Defraud or Harm Another
            Appellant contends that the evidence was legally insufficient to establish that he intended to
defraud or harm another. The intent to defraud or harm another may be established by circumstantial
evidence. Williams v. State, supra at 488. In the case of forgery, the culpable mental state requires
proof of knowledge that the instrument is forged. Williams v. State, supra. If the State proves that
the actor had knowledge that a particular check was forged, proof of intent to defraud is inferred. 
Wallace v. State, 813 S.W.2d 748 (Tex.App. – Houston [1st Dist.] 1991, no pet’n).
            In this case, the evidence established that appellant cashed a check purporting to be a payroll
check from Speedy Truck Accessories. The check showed the address of Speedy Truck Accessories
to be appellant’s address and indicated that the account number was the same as an actual account
previously held by appellant. Appellant had to have known (1) that he was not employed by Speedy
Truck Accessories, (2) that the address listed on the check for Speedy Truck Accessories – P.O. Box
102, Eastland, Texas 76448 – was actually his address, and (3) that the account number on the check
was the account number of his former account at the very same bank. This evidence was sufficient
to establish that appellant had the intent to defraud or harm H.E.B. 
            Thomas v. State, 629 S.W.2d 144, 145 (Tex.App. – Dallas 1982, no pet’n), involved similar
facts. In Thomas, the defendant cashed a check that was drawn on Douglas Skemp’s business
account for “12/20 payroll.” The defendant had never been employed by Skemp. Because the
defendant in Thomas knew that he had never been employed by Skemp, the court held that the
evidence was sufficient to establish (1) that the defendant knew the check was forged and (2) that
the defendant had the intent to harm or defraud. Thomas v. State, supra at 145.
            Appellant’s issues are overruled.
                                                             This Court’s Ruling 
            The judgment of the trial court is affirmed. 
 
                                                                                                TERRY McCALL
                                                                                                JUSTICE
 
December 2, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.